IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADONIS L. THOMPSON,

    Petitioner,

v.

MARK NOOTH,

    Respondent.

Case No. 3:09-cv-823-AC

ORDER

    CORRINE J. LAI
    520 sw 6th Avenue
    Suite 825
    Portland, OR 97204

        Attorney for Petitioner

    JOHN R. KROGER
    Attorney General
    JACQUELINE SADKER KAMINS
    Assistant Attorney General
    1162 Court Street N.E.
    Salem, OR 97301

MARSH, Judge.

    Magistrate Judge John Acosta filed his Findings and Recommendation on March 13, 2012. The matter is now before me

1 - ORDER

pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

When either party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. See 28 U.S.C. § 636(b)(1)(B); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982); accord Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*). Petitioner has filed timely objections. Therefore, I have given the file of this case a *de novo* review.

Petitioner objects to Judge Acosta's conclusion that "[i]n light of all of [the] evidence against Petitioner, the fact that his trial counsel did not object to the arresting officer's reference to Petitioner's outstanding parole violation warrant does not establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Findings and Recommendation at 10. Whether reviewed under the deferential standards of 28 U.S.C. § 2254(d) or *de novo*,[1]

---

[1] See Williams v. Cavazos, 646 F.3d 626, 637-39 (9th Cir. 2011), cert. granted in part, 132 S.Ct. 1088 (2012)(when it is clear state court did not reach merits of federal claim, review is de novo); Harrington v. Richter, 131 S.Ct. 770, 784-85 (2011) (when federal claim has been presented to state court and the state court denies relief, there is presumption that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary).

2 - ORDER

I agree with Judge Acosta's conclusion that petitioner has failed to demonstrate that, but for counsel's alleged error, there is a reasonable probability that the result of the proceeding would have been different.  Accordingly, habeas relief is not warranted.

## CONCLUSION

Based on the foregoing, I ADOPT the Findings and Recommendation (#28). Petitioner's habeas petition (#1) is DENIED, and this proceeding is DISMISSED, with prejudice.  Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __17__ day of April, 2012

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

3 - ORDER